UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Eric L. Christian,<br><br>  Plaintiff,<br><br>  v.<br><br>Jason Frierson, U.S. Attorney's Office,<br><br>  Defendant. | Case No. 2:24-cv-00529-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's incomplete application to proceed *in forma pauperis* ("IFP") together with an "Ex Parte Writ of Attachment" filed on March 15, 2024.  ECF Nos. 2, 2-2.  The filings fails to establish Plaintiff is an inmate as the address provided for Plaintiff does not match the address of any jail or prison with which this Court is familiar.  If Plaintiff is an inmate, Plaintiff's IFP is incomplete.  The Financial Certificate is not signed by Plaintiff and a prison official, and Plaintiff fails to include his inmate trust fund account statement for the past six months.  If Plaintiff is not an innate prisoner, Plaintiff must complete the non-inmate IFP form before he can proceed.

Plaintiff's Writ, if intended to be a complaint, fails to state a claim upon which relief can be granted as he sues Jason Frierson, the United States Attorney for the District of Nevada who is immune from suit.  *Graham v. United States*, Case No. CV 94-1973 KN (EX), 1994 WL 750666, at *3 (C.D. Cal. Aug. 23, 1994) ("As counsel for the government, the United States Attorney is … immune from suit based on the absolute immunity of attorneys for the government with respect to their official conduct representing the government in litigation.").

Even if Mr. Frierson, as the United States Attorney, is not immune from suit, Plaintiff fails to comply with Local Special Rule (LSR) 2-1 requiring that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."

Finally, the Writ, if treated as a complaint, is frivolous as it is based on a delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Here, Plaintiff's Writ seeks an attachment of $5,000,000.00 without any basis whatsoever for this request.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court **must** send Plaintiff the approved forms for an **inmate and non-inmate**, as well as the **instructions for the each**, regarding proceeding *in forma pauperis*.

IT IS FURTHER ORDERED that Plaintiff's "Ex Parte Writ of Attachment" (ECF No. 2-2) is DISMISSED without prejudice, but without leave to amend.

IT IS FURTHER ORDERED that Plaintiff is given one (1) opportunity to file a Complaint in compliance with LSR 2-1. If Plaintiff so chooses, he must do so no later than **April 22, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the instructions for completing and filing a Civil Rights Complaint.

IT IS FURTHER ORDERED that on or before **April 22, 2024**, Plaintiff **must** pay the $405 filing fee for a civil action **or** file a: (1) complete **Application to Proceed *in Forma Pauperis*** on the form for inmates if he is incarcerated **or** on the non-inmate form if he is not incarcerated, and (2) complaint on the Court's form in compliance with LSR 2-1.

IT IS FURTHER ORDERED that failure to comply with this Order on or before **April 22, 2024** will result in a recommendation to dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able to comply with LSR 2-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED this 20th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE