UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Eric L. Christian,<br><br>    Plaintiff,<br><br>v.<br><br>Jason Frierson, U.S. Attorney's Office,<br><br>    Defendant. | Case No. 2:24-cv-00529-RFB-EJY<br><br>**AMENDED ORDER and**<br>**REPORT and RECOMMENDATION**<br><br>Re:  ECF No. 5 |

Pending before the Court is Plaintiff's incomplete application to proceed *in forma pauperis* ("IFP") together with an "Ex Parte Writ of Attachment" and "Amended Writ of Attachment. ECF Nos. 2, 2-2, 6. These filings fail to establish Plaintiff is an inmate as the address provided for Plaintiff does not match the address of any jail or prison with which this Court is familiar. If Plaintiff is an inmate, Plaintiff's IFP is incomplete. The Financial Certificate is not signed by Plaintiff or a prison official, and Plaintiff fails to include an inmate trust fund account statement for the past six months. If Plaintiff is not an inmate, Plaintiff must complete and file the non-inmate IFP form before he can proceed.

Plaintiff's Writs, if intended to be a complaint, fails to state a claim upon which relief can be granted as he sues Jason Frierson, the United States Attorney for the District of Nevada who is immune from suit. *Graham v. United States*, Case No. CV 94-1973 KN (EX), 1994 WL 750666, at \*3 (C.D. Cal. Aug. 23, 1994) ("As counsel for the government, the United States Attorney is … immune from suit based on the absolute immunity of attorneys for the government with respect to their official conduct representing the government in litigation."). Even if Mr. Frierson is not immune from suit, Plaintiff fails to comply with Local Special Rule (LSR) 2-1 requiring that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."

Finally, the Writs, even if treated as a complaint, are frivolous as it is based on a delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Accordingly, IT IS HEREBY ORDERED that the Court's Order at ECF No. 5 is vacated.

IT IS FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court **must** send Plaintiff the approved forms for an **inmate and non-inmate**, as well as the **instructions for each**, regarding proceeding *in forma pauperis*.

IT IS FURTHER ORDERED that on or before **April 22, 2024**, Plaintiff **must** pay the $405 filing fee for a civil action **or** file a complete **Application to Proceed *in Forma Pauperis*** on the form for inmates if he is incarcerated **or** on the non-inmate form if he is not incarcerated.

IT IS HEREBY RECOMMENDED that Plaintiff's "Ex Parte Writ of Attachment" (ECF No. 2-2) be DISMISSED without prejudice, but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given one (1) opportunity to file a Complaint in compliance with LSR 2-1. If Plaintiff so chooses, he must do so no later than **April 25, 2024**.

IT IS FURTHER RECOMMENDED that the Clerk of Court **must** send Plaintiff the form and instructions for completing and filing a Civil Rights Complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with this Order and Report and Recommendation on or before **April 25, 2024**, the Court dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able to comply with LSR 2-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED this 21st day of March, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).